UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD STAFFORD, | No. 2:13-cv-01187-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| DOLLAR TREE STORES, INC. and DOES 1 through 50, Inclusive,[1] | |
| Defendant. | |

This matter is before the court on plaintiff's renewed motion to remand filed on November 7, 2013. (ECF No. 46.) The motion was decided without a hearing. Plaintiff's motion and the defendant's opposition present a procedural question regarding the law-of-the-

---

[1] The Ninth Circuit provides that "'[plaintiffs] should be given an opportunity through discovery to identify [] unknown defendants'" "in circumstances . . . 'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)) (alterations in original). Plaintiff is warned, however, that unknown "doe" defendants will be dismissed where "'it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Id.* (quoting *Gillespie*, 629 F.2d at 642). Plaintiff is further warned that Federal Rule of Civil Procedure 4(m), which states that the court must dismiss defendants who have not been served within 120 days after the filing of the complaint unless plaintiff shows good cause, applies to doe defendants. *See Glass v. Fields*, No. 1:09-cv-00098-OWW-SMS PC, 2011 U.S. Dist. LEXIS 97604, at *1–3 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. C 11-01567 LB, 2011 U.S. Dist. LEXIS 109837, at *1–4 (N.D. Cal. Sep. 27, 2011).

1

case doctrine: Is an alternative basis for upholding subject matter jurisdiction the law of the case? After carefully considering the parties' briefing, the applicable law, and the entire record, for the reasons below, the court answers this question in the affirmative, and concludes the law-of-the-case doctrine bars reconsideration of the prior order denying plaintiff's motion for remand and, therefore, DENIES plaintiff's renewed motion.

I.    FACTUAL AND PROCEDURAL BACKGROUND

      This is a wage and hour employment class action originally filed in state court, and removed to federal court under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (codified as amended in scattered sections of 28 U.S.C.). Defendant Dollar Tree Stores, Inc. ("Dollar Tree") is a discount retail store with many locations throughout California. Plaintiff was an employee of Dollar Tree, and he sued initially, on behalf of himself and similarly situated employees, alleging Dollar Tree "decreased its employment-related costs at its facilities . . . to increase . . . productivity and profits by systematically violating" state and federal wage and hour laws. (Notice of Removal, Ex. A, Compl. 2:1–20, ECF No. 1.)

      The operative complaint at the time of removal was plaintiff's[2] First Amended Complaint ("FAC"). For reasons explained below, the specific claims asserted therein inform the court's decision on whether the amount in controversy exceeded $5 million for CAFA purposes. In the First Amended Complaint, plaintiff asserted the following claims:

      (1)    failure to provide meal periods;

      (2)    failure to provide rest periods;

      (3)    failure to pay minimum and regular wages;

      (4)    failure to pay overtime wages;

      (5)    failure to maintain accurate records;

      (6)    failure to provide and maintain itemized wage statements;

      (7)    failure to timely pay wages due during employment;

---

[2] In the initial complaint, plaintiff Stafford was joined by two other named plaintiffs; in the current amended complaint, only plaintiff Stafford remains. (*Compare* Notice of Removal, Ex. A, Compl., ECF No. 1, *with* Second Am. Compl., ECF No. 12 (naming only Richard Stafford as a plaintiff).)

1         (8)     failure to timely pay wages due upon separation;

2         (9)     violation of Business & Professions Code §§ 17200, *et seq.*; and

3         (10)    Private Attorneys General Act ("PAGA") claims.

(Notice of Removal, Ex. C, FAC at 1.)

        Defendant removed the case based on the allegations contained in the First Amended Complaint to the U.S. District Court for the Central District of California on February 5, 2013. (Notice of Removal ¶¶ 5, 12.) Defendant asserted removal jurisdiction under both CAFA, 28 U.S.C. § 1332(d), and under ordinary diversity jurisdiction, 28 U.S.C. § 1332(a). (*Id.* at 2.)

        After the case was removed to federal court, plaintiff filed a Second Amended Complaint in which he omitted the class action allegations and asserted only PAGA claims. (Second Am. Compl. ("SAC"), ECF No. 12.) Plaintiff filed a motion to remand shortly thereafter. (ECF No. 22.)

        The District Court in the Central District of California denied plaintiff's initial March 7, 2013 motion to remand. The court found it "had jurisdiction based upon the CAFA as well as diversity jurisdiction." (ECF No. 37.) The court also granted defendant's motion to transfer the case to this district. (*Id.*)

        Plaintiff filed the pending renewed motion to remand on November 7, 2013, after the Ninth Circuit issued its decision in *Urbino v. Orkin Services of California, Inc.*, 726 F.3d 1118 (9th Cir. 2013). The court in *Urbino* held that damages from PAGA claims could not be aggregated with damages from individual claims to satisfy the amount in controversy for ordinary diversity subject matter jurisdiction. *Id.* at 1122. The Ninth Circuit's decision was issued after the Central District court denied plaintiff's initial March 7, 2013 motion to remand. Defendant opposes plaintiff's renewed motion to remand arguing the law-of-the-case doctrine prevents this court from reconsidering the decision denying plaintiff's initial motion to remand, made by the transferor Central District court.

/////

/////

3

II.     STANDARD

     A.     Law of the Case

The law-of-the-case doctrine states that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). The law-of-the-case doctrine is subject to three limited exceptions: a court may revisit a prior decision if (a) circumstances demonstrate that the earlier ruling was "clearly erroneous and would work a manifest injustice," *id.* at 618 n.8; (b) substantially different evidence was adduced at a subsequent trial, *Minidoka Irrigation Dist. v. U.S. Dep't of Interior*, 406 F.3d 567, 573 (9th Cir. 2005); or (c) an intervening controlling change in the law warrants reexamination of the prior ruling, *id.*; *United States v. Mazak,* 789 F.2d 580, 581 (7th Cir. 1986). "Failure to apply the doctrine of the law of the case absent one of the [exceptions] constitutes an abuse of discretion." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).

     B.     CAFA Jurisdiction

CAFA vests federal district courts with "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which," *inter alia*, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Under CAFA, "the burden of establishing removal jurisdiction remains . . . on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

"A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). The preponderance of the evidence standard requires a defendant to "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds[, in the CAFA context, five million dollars]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). A defendant can satisfy this burden by submitting evidence outside the complaint, including affidavits or declarations, of expected damages. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d

4

1  395, 397 (9th Cir. 2010) (holding that declaration established amount in controversy for removal
2  jurisdiction).

3  III.    ANALYSIS

4  Plaintiff argues defendant's aggregation of damages for PAGA claims is improper
5  under the Ninth Circuit's intervening decision in *Urbino*, 726 F.3d 1118.  (Mem. P. & A. in Supp.
6  of Pl.'s Mot. to Remand to State Court ("Mot. to Remand") at 1:2–27, ECF No. 46-1.)  Plaintiff
7  also argues defendant's asserted basis of removal relies on class action claims in a prior complaint
8  that have been superseded by an amended complaint omitting all class allegations.  (*Id.* at 1:15–
9  18.)  Defendant opposes the motion arguing, in essence, plaintiff is simply trying to relitigate an
10 issue already decided, and that plaintiff's renewed motion is barred by the law-of-the-case
11 doctrine.  (Def. Dollar Tree Stores, Inc.'s Mem. P. & A. in Opp'n to Pl.'s Mot. to Remand
12 ("Opp'n") at 1:2–9, ECF No. 50.)  Further, defendant argues the court's decision prior to transfer
13 was not clearly erroneous or manifestly unjust.  (*Id.* at 2:1–4.)  The court first addresses the issue
14 whether the law-of-the-case doctrine applies in this case.  Concluding the law-of-the-case
15 doctrine applies, the court then addresses plaintiff's alternative argument that the portion of the
16 transferor court's decision denying remand and upholding CAFA jurisdiction was clearly
17 erroneous and manifestly unjust.

18      A.    Law-of-the-Case

19 "Under the 'law of the case' doctrine, a court is ordinarily precluded from
20 reexamining an issue previously decided by the same court . . . in the same case."  *Old Person v.
21 Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002).  Here, plaintiff argues this court should revisit the
22 decision of its sister court in light of the Ninth Circuit's decision in *Urbino*, 726 F.3d at 1122.  In
23 *Urbino*, the Ninth Circuit concluded that when an employee asserts individual claims and claims
24 under PAGA, the aggrieved employee's individual interest is different from "the state's collective
25 interest in enforcing its labor laws through PAGA."  *Id.*  Therefore, the court held PAGA claims
26 cannot be aggregated together with an individual's claims to meet the amount in controversy
27 requirement for ordinary diversity jurisdiction.  *Id.*
28 ////

5

1       In its order, the Central District court held it had diversity jurisdiction because the
2  amount in controversy exceeded $75,000 after aggregating PAGA claims.  Thus, this portion of
3  the court's decision may have been different under *Urbino*; plaintiff argues this court should
4  revisit that decision under the exception to the law-of-the-case doctrine for an "intervening
5  [change in] controlling authority."  *Minidoka Irrigation Dist.*, 406 F.3d at 573.

6       The Ninth Circuit's decision in *Urbino,* however, does not implicate the Central
7  District court's alternative basis for denying plaintiff's initial motion to remand, that jurisdiction
8  was proper under CAFA.  (*See* Order Denying Pl.'s Mot. to Remand, May 6, 2013, ECF No. 37
9  ("finding that the Court had jurisdiction based upon the CAFA as well as diversity jurisdiction").)

10      Thus, plaintiff's motion presents the threshold question: whether the law-of-the-
11 case doctrine applies to preclude the relitigation of a jurisdictional question if the court previously
12 upheld jurisdiction on two alternative grounds, and only one of those grounds is affected by an
13 intervening change in the law.

14      Defendant argues the "law-of-the-case doctrine specifically applies to remand
15 orders where, as here, the court denies a motion to remand and then transfers the case to a
16 coordinate court," relying on the Seventh Circuit's decision in *Santamarina*.  (Opp'n at 5:5:21–
17 6:10, ECF No. 50 (citing *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir.
18 2006).)  Defendant also cites the Supreme Court's decision in *Christianson* for the proposition
19 that this doctrine applies to the litigation "of any issue—jurisdictional or nonjurisdictional."
20 (Opp'n at 5:5:21–6:10 (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816
21 n.5, 817 (1988)).)  Plaintiff counters the law-of-the-case doctrine does not apply because of an
22 "intervening change in controlling Ninth Circuit law," pointing out that at least one district court
23 has reconsidered a motion to remand after *Urbino* for this reason.  (Pl.'s Reply [sic] in Supp. of
24 Mot. to Remand to State Court ("Reply") at 4:1–8, ECF No. 52 (citing *Pagel v. Dairy Farmers of
25 Am., Inc.*, No. 13-cv-2382, 2013 WL 6501707, at *2 (C.D. Cal. Dec. 11, 2013)).)

26      Neither plaintiff nor defendant directs this court to binding authority addressing
27 the precise question before the court: whether the law-of-the-case doctrine applies to an
28 alternative basis for upholding subject matter jurisdiction.  The court is unaware of any such

authority. It thus turns to persuasive authority, considered in light of the principles articulated by the Supreme Court and the Ninth Circuit in *Christianson* and *Hanna Boys Center v. Miller*, respectively, discussed below.

The Supreme Court examined the law-of-the-case doctrine in *Christianson* and stated the doctrine "promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues." 486 U.S. at 816 (internal quotation marks omitted). The Court noted that "[f]ederal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts," and emphasized that "the policies supporting the doctrine apply with even greater force" in the event of transfer because "transferee courts [may] feel entirely free to revisit [prior] decisions of a coordinate court." *Id.* (collecting sources). The Court also noted: "There is no reason to apply law-of-the-case principles less rigorously to transfer decisions that implicate the transferee's jurisdiction. Perpetual litigation of any issue—jurisdictional or nonjurisdictional—delays, and therefore threatens to deny, justice." *Id.* at 816 n.5.

Further, the Ninth Circuit has held that the law-of-the-case doctrine applies not only to the explicit holding of a sister court, but also to "issues decided . . . by necessary implication in [a coordinate court's] previous disposition.'" *Hanna Boys Ctr. v. Miller*, 853 F.2d 682, 686 (9th Cir. 1988) (quoting *Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982)). In *Hanna Boys Center*, the Center, a tax-exempt nonprofit boys school affiliated with the Catholic Church, challenged the National Labor Relation Board's (NLRB) decision that its child-care workers could unionize, arguing the Center was "a church-operated school and therefore is exempt from the [National Labor Relations Act]." *Id.* at 684. The district court granted a ninety-day stay so the NLRB could supplement the record, and the NLRB appealed the district court's stay order. In a one-sentence summary order, the Ninth Circuit's motion panel reversed and vacated the stay order. Four days later, the district court dismissed the complaint for lack of jurisdiction, and the Center appealed. The Ninth Circuit affirmed, concluding the "motion panel's order is law of the case on the question of subject matter jurisdiction." *Id.* at 685. The court reasoned that even though the "motion panel's order did not explicitly state that it granted the motion because the district court lacked subject matter jurisdiction, it necessarily did so by

7

implication." *Id.* The court reached this conclusion by reviewing the record and noting that both parties' briefs agreed the issue on appeal was subject matter jurisdiction, such that the motion's panel "must have [vacated the district court's stay order] on the basis that the district court lacked subject matter jurisdiction." *Id.*

Against the backdrop of *Christianson* and *Hanna Boys Center*, persuasive authority teaches that the law-of-the-case applies to alternative holdings, even if the other holding has been vacated on appeal. In *American Hotel International Group Inc. v. OneBeacon Insurance Co.*, the Second Circuit held the district court's alternative holding, granting the defendant's motion for summary judgment, remained the law of the case even after the other grounds for summary judgment had been vacated on appeal. 374 F. App'x 71, 72–74 (2d Cir. 2010) (summary order). In *American Hotel*, the district court granted summary judgment for the defendant on the plaintiff's contract claims, holding that the claims, based on oral agreements, were barred by New York's statute of frauds. In the alternative, the district court also held the defendant was entitled to summary judgment on its counterclaim that, even if the agreements were not within the statute of frauds, one agreement would have failed for want of consideration. *Id.* at 73. On the first appeal, the Second Circuit reversed and remanded, holding that Pennsylvania, not New York, law applied, and that the oral agreements were not within Pennsylvania's statute of frauds. On remand, the district court granted summary judgment for the defendant because the prior appellate decision "did not address [the district court's] prior alternative holding that the . . . Agreement failed for want of consideration." *Id.* On the second appeal, the Second Circuit affirmed after concluding the alternative holding was the law-of-the-case: "[T]he findings of a district court not expressly or implicitly addressed on appeal remain the law of the case." *Id.* (citing *In re PCH Assocs.*, 949 F.2d 585, 593 (2d Cir. 1991)); *see also* 18B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, ET AL., FEDERAL PRACTICE AND PROCEDURE § 4478 (2d ed. 1987) ("And even if there has been a[n] [intervening] potentially sufficient change [in the law], the earlier decision may rest on an alternative foundation that makes the change immaterial." (collecting sources)).

///

This court finds the alternative holding of the transferor court is binding as the law of the case on this court, as the transferee court. *Christianson*, 486 U.S. at 816. Even though the transferor court's decision in this case was in a summary format, as in *Hanna Boys Center*, that court expressly held the court had subject matter jurisdiction on the alternative and sufficient basis under CAFA. In light of the persuasive authority that alternative holdings are the law of the case going forward, *see Am. Hotel Int'l Grp.*, 374 F. App'x at 72–74, this court finds the transferor court's decision under CAFA to be the law of this case.

This conclusion is reinforced by the structure of CAFA and the fact that under CAFA, plaintiff could have appealed denial of his first motion to remand but chose not to. 28 U.S.C. § 1453(c)(1). Considering this statutory right to interlocutory appeal together with § 1447(c), which provides that a motion to remand must be filed within thirty days of removal, CAFA promotes the early and final resolution of these jurisdictional questions. As the court observed in *Santamarina*, "it is arguable . . . that motions to reconsider orders denying remands under the Class Action Fairness Act are disfavored" for this reason. 466 F.3d at 572 (citation omitted).

Finally, the court rejects plaintiff's argument based on 28 U.S.C. § 1447(c), that he "is permitted to raise jurisdictional defects at any time during the litigation, including on appeal." (Reply 1:8–9, ECF No. 52 (citing 28 U.S.C. § 1447(c)).) Although subject matter jurisdictional defects cannot be waived, the prior decision by a transferor court upholding jurisdiction remains the law of the case. The plaintiffs in *Santamarina* made the same argument plaintiff advances here, and the Seventh Circuit rejected it: "[W]e note our rejection of plaintiffs' argument that an erroneous refusal to remand a case under the Class Action Fairness Act is a jurisdictional error, which must therefore remain corrigible until the litigation becomes final by issuance of a final judgment and exhaustion of appellate remedies." 466 F.3d at 572. The Ninth Circuit has reached the same conclusion outside the CAFA context, in *United States v. Phillips*, 367 F.3d 846 (9th Cir. 2004). In *Phillips*, the court rejected the appellant's argument that the trial court erred by refusing to allow the jury to decide a jurisdictional question: whether a creek was a "navigable water" under the Clean Water Act. *Id.* at 856. The court explained this issue was decided before

trial based on uncontested facts; thus, "the instruction that the creek was a navigable water within the meaning of the CWA was the law of the case," and "the district court would have abused its discretion if it had refused to abide by its previous ruling," even though it was jurisdictional. *Id.* Plaintiff has already raised his jurisdictional argument, the transferor court rejected it, and he cannot raise it again before this court.

The transferor court's ruling upholding CAFA jurisdiction is the law of the case, and departing from this prior ruling is appropriate only if that ruling was "clearly erroneous and would work a manifest injustice." *Arizona*, 460 U.S. at 618 n.8.

B.   CAFA Jurisdiction

Plaintiff argues the transferor court's prior ruling, denying plaintiff's initial motion to remand and upholding jurisdiction under CAFA, is "clearly erroneous or works a manifest injustice." (Reply 4:26–5:2, ECF No. 52.)  A defendant may remove a class action under CAFA if the following requirements are met: (1) "any member of a class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2), (2) "the number of members of all proposed plaintiff classes in the aggregate is" equal to or greater than "100," *id.* at §1332(d)(5), (3) "the primary defendants are [not] States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief," *id.*, and (4) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," *id.* at § 1332(d)(2).

Here, defendant meets the first three requirements based on allegations contained in the First Amended Complaint. (*See* FAC ¶ 10; Notice of Removal ¶ 18, ECF No. 1 (declaring plaintiff and defendant are citizens of California and Virginia, respectively); Notice of Removal, Ex. D, McDearmon Decl. ¶ 6, ECF No. 1 (averring the class includes 3,239 Assistant Managers); *id.* ¶ 2 (declaring the primary defendant is a corporation).)

Plaintiff argues the prior decision upholding CAFA jurisdiction was clear error for two reasons: (1) plaintiff had agreed to amend his complaint to remove all class claims, so his Second Amended Complaint which omits class allegations controls, and the court lacks CAFA jurisdiction because the case is not a class action, and (2) defendant cannot show by a

10

1    preponderance of the evidence the amount in controversy is met.  These arguments are addressed
2    in turn below.

       1.  Plaintiff's Argument the Court Lacks CAFA Jurisdiction Because His Complaint Omits Class Allegations

5       The transferor court's decision upholding CAFA jurisdiction was not clearly
6    erroneous because plaintiff's First Amended Complaint, not his Second Amended Complaint, is
7    the controlling complaint.  Challenges to removal jurisdiction are determined "at the time the
8    notice of removal is filed."  *Spencer v. U.S. Dist. Court*, 393 F.3d 867, 871 (9th Cir. 2004); *see*
9    *also Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (holding plaintiffs' pleading at time of
10   removal, not second amended complaint, should have been considered).  Here, defendant timely
11   removed the action to federal court based on the allegations contained in the First Amended
12   Complaint.  It was not until seven days later, that plaintiff filed his Second Amended Complaint,
13   which asserts only PAGA claims and omits all class allegations.  Therefore, the transferor court's
14   decision upholding CAFA jurisdiction based on allegations in the First Amended Complaint was
15   not clear error.

16      Moreover, the court notes plaintiff's assertion that he amended his complaint after
17   removal to omit class allegations pursuant to a good faith agreement with defendant, made before
18   removal, that plaintiff would dismiss class claims.  Plaintiff's argument, that the federal court
19   lacked CAFA jurisdiction to begin with because these claims therefore were frivolous, might
20   have some merit if this court were to consider the argument anew.  The Ninth Circuit does
21   recognize an "exception[] to the general rule of 'once jurisdiction, always jurisdiction'" if "there
22   was no jurisdiction to begin with because the jurisdictional allegations were frivolous from the
23   start."  *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l*
24   *Union v. Shell Oil Co.*, 602 F.3d 1087, 1092 n.3 (9th Cir. 2010).  But this court, as the transferee
25   court, is not "entirely free to revisit [prior] decisions of a coordinate court" under the law-of-the-
26   case doctrine.  *Christianson*, 486 U.S. at 816.  As in *Hanna Boys Center*, even though the
27   transferor court's decision denying plaintiff's initial motion to remand "did not explicitly state
28   that it" denied the motion to remand because plaintiff's class action claims were nonfrivolous, by

11

1   upholding jurisdiction under CAFA, "it necessarily did so by implication." 853 F.2d at 685.
2   Therefore, because "[t]he law of the case applies to 'issues decided explicitly or by necessary
3   implication in [the transferor] court's previous disposition,'" *id.* at 686 (quoting *Liberty Mut. Ins.*
4   *Co.*, 691 F.2d at 441), this implicit decision may be revisited only for clear error. Review of the
5   operative complaint reveals no such clear error. Thus, this argument is unavailing.

    2.  Amount in Controversy

7       Plaintiff argues the case should be remanded to state court because the prior ruling
8   upholding CAFA jurisdiction was clearly erroneous, because the amount in controversy did not
9   exceed $5 million. The record does not support plaintiff's contention.

    a.  Failure to Provide Meal Periods

11       Plaintiff advances several arguments arguing defendant's estimations of the
12   damages from its failure to provide meal periods are incorrect. Plaintiff argues defendant
13   overestimates the type and number of assistant managers' missed meal periods, because meal
14   periods were missed only in those "instances when Assistant Managers were the *only Manager*
15   *on-duty* and when they were eligible for a meal or rest period." (Mot. to Remand at 11:5–6, ECF
16   No. 46-1 (emphasis in original) (citing SAC ¶ 17).) But this argument is unavailing because it
17   relies on allegations contained in the wrong complaint. Here, the operative First Amended
18   Complaint alleges that defendant refused to allow non-exempt employees to take a thirty-minute
19   duty-free meal period before the commencement of the sixth hour of work, and did not provide a
20   second meal period when required, regardless of the number of assistant managers on duty. (FAC
21   ¶ 23.) This argument does not discredit defendant's estimates.

22       Next, plaintiff argues defendant failed to account for the fact that some employees
23   were fired and hired at different points of the relevant period. (Mot. to Remand at 10:18–22.)
24   However, defendant explains assistant managers record their work time using a punch-based
25   timekeeping system, which defendant uses to calculate their approximate number of earned meal
26   periods. (Notice of Removal, Ex. E, Pearson Decl. ¶¶ 2–4, ECF No. 1.) The court finds the
27   automated method by which defendant has recorded employees' time to be reliable, and the
28   transferor court's reliance on defendant's estimation was therefore not clearly erroneous.

Lastly, the transferor court could have reasonably credited defendant's estimate that each assistant manager missed fifty percent of her meal periods. In *Stevenson v. Dollar Tree Stores*, No. 2:11-cv-1433, 2011 WL 4928753 (E.D. Cal. Oct. 17, 2011), this court held it was reasonable to estimate that fifty percent of meal periods were missed because the plaintiff alleged that "members of the class were 'routinely' denied meal periods" as part of a "policy and practice," *id.* at *4. Here, plaintiff's complaint contains similar language. Plaintiff alleges defendant "systematically" violated both state wage and hour laws and the IWC Wage Order as part of an "illegal polic[y] and/or practice[]." (FAC ¶¶ 6, 33(e).) "Systematically" and "routinely" are arguably synonymous. WILLIAM C. BURTON, BURTON'S LEGAL THESAURUS 612 (3d ed. 1998). Therefore, the transferor court could have reasonably credited defendant's estimate that, for this claim alone, the amount in controversy is $5,314,825.69. (Notice of Removal ¶ 49.)

### b. Other Claims

The amount in controversy also includes plaintiff's claims for failure to provide accurate wage statements, waiting-time penalties, and failure to pay wages. (*Id.* ¶ 47.) Defendant conservatively estimates that each employee was not provided an accurate wage statement on at least one occasion. (*Id.* ¶ 52.) Defendant computes the amount according to Section 226(e) of the California Labor Code, resulting in $161,950.00. (*Id.*) Next, under California law, waiting-time penalties are recoverable for up to thirty days' wages for failure to pay terminated employees in a timely manner. CAL. LAB. CODE § 203. Defendant declares that approximately 1,573 assistant managers were terminated in California within the relevant period, and from this information estimates that waiting-time penalties amount to $3,592,319.74. (*Id.* ¶ 54.)

Further, the amount in controversy includes attorneys' fees, and a common estimate for the attorneys' fees award is 25 percent of the recoverable damages. *See Stevenson*, 2011 WL 4928753, at *5 ("in California, where wage and hour class actions have settled prior to trial for millions of dollars, it is not uncommon for an attorneys' fee award to be in the realm of 25% to 30% of the settlement and, thus, in excess of $1 million" (quoting *Muniz v. Pilot Travel Ctrs. LLC*, No. 2:07-cv-0325, 2007 WL 1302504, at *4 n.8 (E.D. Cal. May 1, 2007))).

Accordingly, the amount in controversy, excluding missed-meal-period claims, equals $4,692,837.18, adding together waiting-time penalties, inaccurate wage statements, and attorney's fees. In *Stevenson*, this court found that $4,013,498.75, before accounting for missed-meal-period claims, established the requisite amount in controversy. *Id.* ("Without determining a definitive amount in controversy as related to the meal period claim, the court is satisfied that more likely than not the amount in controversy in plaintiff's action, in the aggregate, is greater than five million dollars."). Similarly, the amount here very nearly approaches five million dollars, before the addition of missed-meal and rest-period damages. Therefore, the transferor court could have reasonably concluded the amount in controversy exceeds $5,000,000, and its decision upholding jurisdiction under CAFA not was "clearly erroneous" or "a manifest injustice." *Arizona*, 460 U.S. at 618 n.8.[3]

IV.   CONCLUSION

For the foregoing reasons, plaintiff's motion to remand (ECF No. 46) is DENIED as barred by the law-of-the-case doctrine.

IT IS SO ORDERED.

DATED: March 27, 2014.

_____
UNITED STATES DISTRICT JUDGE

---

[3] In addressing plaintiff's argument that the transferor court committed clear error in ruling that CAFA's $5-million-amount-in-controversy requirement was satisfied, this court's order excluded PAGA claims. This proved prescient given the Ninth Circuit's recent decision in *Baumann v. Chase Inv. Servs. Corp.*, ___ F.3d ___, No. 12-55644, 2014 WL 983587 (9th Cir. Mar. 13, 2014). In *Baumann*, the Ninth Circuit held "PAGA actions are not sufficiently similar to Rule 23 class actions to trigger CAFA jurisdiction." *Id.* at *4. Here, as discussed above, the relevant complaint for CAFA jurisdiction was the complaint at the time of removal—plaintiff's First Amended Complaint—and not the Second Amended Complaint, which omitted class allegations and included only PAGA claims. *See* subpart III.B.1 *supra*. Because the pertinent complaint asserted non-PAGA claims potentially exceeding $5 million in controversy, unlike *Baumann* in which the only claims were PAGA claims, *id.* at *1, this decision is not affected by *Baumann*.