UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RICHARD STAFFORD, Individually,

Plaintiff,

v.

DOLLAR TREE STORES, INC.,

Defendant.

No. 2:13-cv-1187 KJM CKD

ORDER

Defendant Dollar Tree Stores' (Dollar Tree) motion to bifurcate plaintiff's individual and representative claims is currently pending before the court.  The court ordered the motion submitted without a hearing and now GRANTS the motion.

I.  BACKGROUND

On November 19, 2012, plaintiffs Jay Narvaez and Lisa Hornsby filed a complaint in Los Angeles County Superior Court alleging a number of wage and hour class claims and a Private Attorney General Act (PAGA) claim against Dollar Tree.  ECF No. 1 at 33-60.   Their first amended complaint was filed in the Superior Court on January 7, 2013, adding Richard Stafford as a plaintiff.  ECF No. 1 at 87-114.  Defendant removed the case to the Central District on February 5, 2013.  *Id*. at 4-5.

On February 12, 2013, plaintiff Stafford filed a Second Amended Complaint (SAC) in the Central District, removing the class claims and alleging the following claims, all

1

stemming from his work as an assistant manager at a Dollar Tree Store: (1) failure to provide

meal periods, Cal. Lab. Code §§ 226.7(a), 512(a), and 1198; (2) failure to provide rest periods,

Cal. Lab. Code §§ 226.7(a) and 1198; (3) failure to pay minimum and regular wages, Cal. Lab.

Code §§ 1197 and 1198; (4) failure to pay overtime wages, Cal. Lab. Code §§ 510 and 1198;

(5) failure to maintain accurate records, Cal. Lab. Code § 1198; (6) failure to provide and

maintain accurate itemized wage statements, Cal. Lab. Code §§ 226(a) and 1198; and (7) failure

timely to pay wages due during employment, Cal. Lab. Code §§ 204(a) and 1198.  Plaintiff

alleges he is an "aggrieved employee" within the meaning of the PAGA, California's Private

Attorney General Act, Cal. Lab. Code §§ 2699, *et seq*.  ECF No. 12 at 6-7.  Neither Narvaez nor

Hornsby were listed as plaintiffs in the Second Amended Complaint.  *Id*. at 1.

On February 26, 2013, defendant filed a motion to dismiss or to transfer.  ECF

No. 15.  On March 7, 2013, plaintiff filed a motion to remand.  ECF No. 22.  On June 22, 2013,

the Central District court denied the motions to remand and to dismiss and granted the motion to

transfer the case to the Eastern District, where a related case had been filed.  ECF No. 37.

On November 7, 2013, plaintiff filed a second motion to remand in this court.

ECF No. 46.  This court denied the motion on March 28, 2014.  ECF No. 58.

On July 7, 2014, defendant filed the motion to bifurcate plaintiff's individual and

representative claims.  ECF No. 72.  Plaintiff has opposed and defendant has filed a reply.  ECF

Nos. 74 & 76.

II.  THE MOTION TO BIFURCATE

A.  Standard

Rule 42(b) of the Federal Rules of Civil Procedure provides in relevant part:

> For convenience, to avoid prejudice, or to expedite and economize,
> the court may order a separate trial of one or more separate issues,
> claims, crossclaims, counterclaims, or third-party claims.

A court "has broad discretion to bifurcate a trial to permit deferral of costly and

possibly unnecessary proceedings pending resolution of potentially dispositive preliminary

issues."  *Jinro America Inc., v. Secure Invs., Inc*., 266 F.3d 993, 998 (9th Cir.), *amended on*

*denial of reh'g*, 272 F.3d 1289 (9th Cir. 2001).  Courts are more reluctant to bifurcate

2

1    proceedings when there is "an overlap of factual issues." *Hunter v. City & Cnty. of San*

2    *Francisco*, No. 11-4911, 2012 WL 4831634, at *10 (N.D. Cal. Oct. 10, 2012). Three factors are

3    relevant to the inquiry: convenience, prejudice to the parties, and judicial economy. *Id.*; *see also*

4    *Conboy v. Wynn Las Vegas LLC,* No. 2:11–CV–1649 JCM (CWH), 2013 WL 1701073, at *14

5    (D. Nev. Apr. 18, 2013) (stating that a court considering bifurcation weighs "convenience,

6    prejudice, judicial economy, risk of confusion and whether the issues are clearly separable"). If

7    bifurcation is ordered, the court has the "power to limit discovery to the segregated issues."

8    *Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970) (per curiam).

9           B. The Requests for Judicial Notice

10       Defendant has asked the court to take judicial notice of a tentative ruling certifying

11    the class in *Richard Reyes v. Dollar Tree Stores, Inc*., Los Angeles County Superior Court,

12    No. BC488217; an order granting the motion for class certification in the *Reyes* case; a copy of a

13    letter from California's Labor and Workforce Development Agency (LWDA) dated

14    December 21, 2012, declining to investigate plaintiff's allegation against Dollar Tree; and an

15    Amended Statement of Decision filed in *Driscoll v. Granite Rock Co*., Santa Clara County

16    Superior Court, No. 1-08-CV-103426. Def.'s Request for Judicial Notice, ECF No. 73. Plaintiff

17    does not object.

18       Plaintiff has asked the court to take judicial notice of the First Amended Class

19    Action Complaint filed June 6, 2014, in *Stafford v. Dollar Tree Stores, Inc*., Solano County

20    Superior Court, No. FCS043461. Defendant has not objected.

21       The court grants the parties' requests for judicial notice of documents from the

22    *Reyes* proceedings in state court proceedings and from the LWDA. Fed.R.Evid. 201; *Harris v.*

23    *Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of

24    undisputed matters of public record, including documents on file in federal or state courts.")

25    (internal quotations omitted); *Sarkisov v. StoneMor Partners*, No. C 13–04834 WHA, 2014 WL

26    1340762, at *6 (N.D. Cal. Apr. 3, 2014) (taking judicial notice of the pre-litigation letter from

27    LWDA). It declines to take judicial notice of the *Driscoll* order, as this order is not relevant to

28    resolution of the instant motion.

1          C.  Analysis

2          Defendant argues that through his PAGA claims plaintiff purports to represent

3   more than 3000 other current and former store managers from December 17, 2011 through the

4   present for alleged wage and hour violations, even though plaintiff has not yet shown his own

5   rights under the Labor Code have been violated.  It also notes that a class action is pending in this

6   court, with the same plaintiff, seeking damages for the same Labor Code violations.  Mot. to

7   Bifurcate,  ECF No. 72 at 8 (referencing *Stafford v. Dollar Tree Stores, Inc*., No. 2:14-cv-1465

8   KJM CKD (*Stafford II*)).  Defendant says that plaintiff's second claim for failure to provide meal

9   and rest breaks for assistant managers echoes the same claim in the *Reyes* case in Los Angeles

10  County Superior Court, which will make discovery difficult because of the problems of

11  interviewing the *Reyes* class members who are not represented by class counsel.  It asks that

12  discovery and trial of plaintiff's individual entitlement to PAGA penalties proceed first.  Only if

13  plaintiff shows he is an aggrieved employee, then the case should proceed with discovery and

14  trial as to the representative claims.  *Id*.

15         Plaintiff opposes the motion, saying that bifurcation is inappropriate because he is

16  acting as the proxy for the LWDA and requiring him to prove his individual case first undercuts

17  the public policy underlying PAGA.  Opp'n, ECF No. 74 at 5, 9.  He also says bifurcating

18  discovery will only complicate the case when it is consolidated with *Stafford II,* the class action

19  pending in this court, raising the same issues.[1]  *Id*. at 6.  Plaintiff argues also that bifurcating

20  discovery will not promote judicial efficiency because of the difficulty determining whether the

21  information sought in discovery is relevant to individual or group violations.  He says his

22  counsel's representation of the members of the PAGA action means that defendant's counsel

23  would not be able to speak to them informally despite the *Reyes* action.

24         In reply, defendant notes this case has not been consolidated with the *Stafford*

25  class action, that plaintiff's counsel does not represent the other aggrieved employees covered by

26  /////

27  _____

28        [1] There are pending motions for judgment on the pleadings and for remand in the *Stafford* class action in Solano County.

4

1    this PAGA action, and that requiring plaintiff to prove he is aggrieved will not undercut the

2    purposes underlying PAGA litigation.  Reply, ECF No. 76 at 3.

3              Under the PAGA, California Labor Code § 2699:

> (a) Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency . . . for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself . . . and other current or former employees pursuant to the procedures specified in Section 2699.3.

> . . . .

> (c) For purposes of this part, "aggrieved employee" means any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.

11             Section 2699(f)(2) establishes the civil penalty recoverable under these provisions

12   as $100 for each aggrieved employee per pay period for the initial violation and $200 for each

13   aggrieved employee per pay period for each subsequent violation when penalties are not

14   otherwise specified in the Labor Code.  The LWDA is entitled to 75 percent of any penalties

15   recovered, with the remaining 25 percent distributed to the aggrieved employees.  Cal. Lab. Code

16   § 2699(i).  As a prerequisite to filing suit, the aggrieved employee must first give notice of the

17   alleged violations to LWDA and bring suit only after LWDA has declined to act or has failed

18   timely to respond to the notice.  Cal. Lab. Code § 2966.3.  The aggrieved employee cannot pursue

19   a PAGA action if the agency or another party is pursuing enforcement against the employer on

20   the same claims under the same provisions of the Labor Code.  Cal. Lab. Code § 2699(h).  *See*

21   *generally Thomas v. Aetna Health of Cal.*, No. 1:10-cv-01906 AWI SKO, 2011 WL 2173715, at

22   *9 (E. D. Cal. June 2, 2011).

23             The Ninth Circuit has noted that "PAGA plaintiffs are private attorneys general

24   who, stepping into the shoes of the LWDA, bring claims on behalf of the state agency."

25   *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1123 (9th Cir. 2014), *pet. for cert. filed*, 83

26   USLW 3126 (Sept. 3, 2014).  The California Supreme Court characterizes a PAGA plaintiff "as

27   the proxy or agent of the state's labor law enforcement agencies," who "represents the same legal

28   right and interest as state labor law enforcement agencies—namely civil penalties that would

1  otherwise have been assessed and collected by the Labor Workforce Development Agency."

2  *Arias v. Sup. Ct*., 46 Cal. 4th 969, 986 (2009).   Nevertheless, every PAGA action "requires *some*

3  individualized assessment regarding whether a Labor Code violation has occurred."  *Plaisted v.*

4  *Dress Barn, Inc*., No. 2:12-cv-01679 ODW (SHx), 2012 WL 4356158, at *2 (C.D. Cal. Sep. 20,

5  2012) (emphasis in original); *but see Alcantar v Hobart Serv.,* No. ED CV 11-1600 PSG (SPx),

6  2013 WL 146323, at *5 (C.D. Cal. Jan. 14, 2013) (suggesting that survey evidence might be used

7  to determine penalties).  The Ninth Circuit has said that despite the enforcement aspects of

8  PAGA, the wage and hour claims of aggrieved employees are held individually and so cannot be

9  aggregated to satisfy the amount-in-controversy requirement for removing a diversity action.

10  *Urbino v. Orkin Servs. of Cal., Inc*., 726 F.3d 1118, 1122 (9th Cir. 2013) (stating an aggrieved

11  employee's claims to vindicate breaches of the Labor Code "are held individually.  Each

12  employee suffers a unique injury—an injury that can be redressed without the involvement of

13  other employees").  Moreover, even though the plaintiff in a PAGA action "need not have

14  suffered all PAGA violations for which she seeks to pursue civil penalties," *Jeske v. Maxim*

15  *Healthcare Servs., Inc*., No. CV F 11-1838 LJO JLT, 2012 WL 78242, at *13 (E.D. Cal. Jan. 10,

16  2012), PAGA "require[s] a plaintiff to have suffered an injury resulting from an unlawful action."

17  *Amalgamated Transit Union, Local 1756 v. Sup. Ct.*, 46 Cal. 4th 993, 1001 (2009).

18       In *Patel v. Nike Retail Services*, the court noted the tension between *Baumann* and

19  *Urbino,* said that *Urbino* examined "the employees' interests *vis-à-vis* each other" and concluded

20  that for purposes of aggregating the penalties owed to the state and to the plaintiff, "[t]he Labor

21  Code violations Plaintiff Patel allegedly suffered are not unique from the ones the LWDA might

22  seek to vindicate; both 'claims have as their source the exact same injuries.'"___ F. Supp. 2d ___,

23  2014 WL 3611096, at *9 (N.D. Cal. 2014).  Accordingly, while plaintiff and the LWDA share the

24  same interest, which gives the suit its enforcement character, the other PAGA plaintiffs have

25  individual interests, which will require at least some individual proof.

26       Defendant has presented evidence that there are 3,205 people who served as

27  assistant managers in the 457 California Dollar Tree Stores between December 17, 2011 and

28  June 30, 2012, with a total 161,571 workweeks for these employees.  Decl. of David

1   McDearmon, ECF No. 72-2 ¶ 4.  The scope of the individualized assessments necessary to

2   demonstrating Labor Code violations is suggested by the potential number of aggrieved

3   employees, a number plaintiff has not challenged.

4          Neither side has cited nor has the court found any case discussing bifurcation of

5   the PAGA plaintiff's claims from the representative claims.  Plaintiff says that bifurcation would

6   undercut the enforcement aspects of PAGA while defendant argues it would save the parties and

7   the court from the burdensome discovery needed to prove the threshold individual violations.

8          What gives plaintiff the right to serve as "a proxy or agent" for the LWDA's

9   enforcement division is his status as an aggrieved employee, one who has been injured by

10  defendant's violation of at least one provision of the Labor Code.  Plaintiff has presented nothing

11  rebutting defendant's evidence that over 3,000 potential PAGA employees are part of this suit.

12  And while the court does not necessarily accept defendant's claim that it will interview and

13  depose each of the assistant managers, neither does it at this stage accept plaintiff's claim that the

14  ultimate proof can be based entirely on policies and survey evidence, given the individual nature

15  of the claims.  *See, e.g., Ortiz v. CVS Caremark Corp.*, 3:12-cv-05859, 2014 WL 1117614, at *4

16  (N.D. Cal. Mar. 19, 2014) (discussing the potential unmanageability of PAGA action, which

17  would require "a multitude of individualized assessments.").

18         Without even considering the potential problems the pendency of both the *Reyes*

19  and the *Stafford* class actions, in light of the number of potential aggrieved employees, judicial

20  economy favors deferring the representative portion of the PAGA claim until plaintiff's status as

21  an aggrieved employee with the right to bring this action is established.  Plaintiff has not pointed

22  to any definite prejudice from bifurcation, but argued more generally that the public purpose of

23  the PAGA enforcement action will not be served by delay.  He has not acknowledged, however,

24  that PAGA's public purpose would be ill-served if the court finds he has not been aggrieved by a

25  Labor Code violation.  The court agrees there likely will be some judgment calls made regarding

26  whether particular discovery relates to individual or representative claims, but that is not a

27  sufficient basis to deny bifurcation.

28  /////

1         IT IS THEREFORE ORDERED that:

2         1.  Defendant's motion to bifurcate, ECF No. 72, is granted; plaintiff's individual

3  Labor Code claims will be determined before the representative PAGA claims; and

4         2.  The case is set for a further scheduling conference on December 11, 2014.  The

5  parties' joint statement concerning the bifurcated schedule is due within  seven days before the

6  further scheduling conference.

7  DATED:  November 20, 2014.

8

9                              _____

10                          UNITED STATES DISTRICT JUDGE

8