UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD STAFFORD,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC. and DOES 1 through 50, inclusive,<br><br>Defendant. | No. 2:13-cv-01187-KJM-CKD<br><br><br><br>ORDER |

        This matter is before the court on plaintiff's motion for leave to file a third amended complaint. Pl.'s Mot., ECF No. 89. Defendant Dollar Tree Stores, Inc. (Dollar Tree) opposes the motion. ECF No. 92. This motion was decided on the papers. For the following reasons, the court GRANTS IN PART plaintiff's motion.

I.     BACKGROUND

        Plaintiffs Jay Narvaez and Lisa Hornsby filed a complaint in Los Angeles County Superior Court alleging a number of wage and hour class claims and a Private Attorney General Act (PAGA) claim against defendant Dollar Tree. ECF No. 1 at 33-60. They filed a first amended complaint on January 7, 2013, adding Richard Stafford as a plaintiff. ECF No. 1 at 87-114. Defendant removed the case to the Central District of California on February 5, 2013. *Id.* at 4-5.

/////

On February 12, 2013, plaintiff Stafford filed a second amended complaint (SAC) in the Central District, removing the class claims and alleging the following claims, all stemming from his work as an assistant manager at a Dollar Tree Store: (1) failure to provide meal periods, Cal. Lab. Code §§ 226.7(a), 512(a), and 1198; (2) failure to provide rest periods, *id.* §§ 226.7(a) and 1198; (3) failure to pay minimum and regular wages, *id.* §§ 1197 and 1198; (4) failure to pay overtime wages, *id.* §§ 510 and 1198; (5) failure to maintain accurate records, *id.* § 1198; (6) failure to provide and maintain accurate itemized wage statements, *id.* §§ 226(a) and 1198; and (7) failure to timely pay wages due during employment, *id.* §§ 204(a) and 1198. SAC, ECF No. 12. Plaintiff alleges he is an "aggrieved employee" within the meaning of the PAGA, California's Private Attorney General Act, Cal. Lab. Code § 2699, *et seq*. *Id.* at 6–7. Neither Narvaez nor Hornsby was identified as plaintiffs in the second amended complaint, and Stafford is the sole named plaintiff. *Id.* at 1. On February 26, 2013, defendant filed a motion to dismiss or to transfer. ECF No. 15. On March 7, 2013, plaintiff filed a motion to remand. ECF No. 22. On June 11, 2013, the Central District court denied the motions to remand and to dismiss and granted the motion to transfer the case to this district, where a related case had been filed, *Stevenson v. DollarTree Stores, Inc.,* Case No. 11-CV-01433 KJM CKD. ECF No. 37.

On March 28, 2014, this court denied plaintiff's second motion to remand. ECF No. 58. On June 20, 2014, defendant removed from Solano County Superior Court to this district an action that is virtually identical to this action. Under Local Rule 123, defendant filed a notice of related action (ECF No. 70), and on July 29, 2014, that case, 2:14-cv-01465-MCE-DAD, was related to but not consolidated with this action (ECF No. 75). On November 21, 2014, this court granted defendant's motion to bifurcate in this case and ordered plaintiff's individual Labor Code claims to be determined before the representative PAGA claims; it accordingly limited discovery in this case to plaintiff's individual claims (ECF Nos. 72, 80). On December 19, 2014, this court granted a motion to remand to state court the related case, 2:14-cv-01465-MCE-DAD.

Meanwhile, on December 11, 2014, the court held a scheduling conference in this case at which both parties appeared. ECF No. 86. The court set December 18, 2014 as the deadline for plaintiff to file a motion for leave to amend the complaint. *Id.* On December 23,

2

2014, the court granted the parties' stipulated request for an extension of time to file for leave to amend. ECF No. 88.  Plaintiff Stafford filed the instant motion on December 31, 2014, relying on Rule 15(a)(2), and submitted the proposed third amended complaint with his motion.  ECF No. 89.  Defendant filed an opposition and accompanying request for judicial notice on January 16, 2015.  ECF Nos. 92, 93.

II.     REQUEST FOR JUDICIAL NOTICE

Defendant requests judicial notice of plaintiff's Labor & Workforce Development Agency (LWDA) letter.  ECF No. 93.  Plaintiff referred to the letter in the second amended complaint (ECF No. 12-1 at 7), and does not dispute its authenticity or oppose the motion.  The request for judicial notice is GRANTED.  *See Sarkisov v. StoneMor Partners, L.P.*, 2014 WL 1340762, at *6 (N.D. Cal. Apr. 3, 2014) (taking judicial notice of LWDA pre-litigation letter).

III.    STANDARD

A party seeking leave to amend pleadings must first satisfy Federal Rule of Civil Procedure 16(b)'s "good cause" standard.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992).  Rule 16(b)(4) states that a "schedule may be modified only for good cause and with the judge's consent," the standard specified in the court's scheduling order.  ECF No. 69 at 1.  This good cause evaluation "is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Johnson*, 975 F.2d at 609.  Distinct from Rule 15(a)'s liberal amendment policy, Rule 16(b)'s good cause standard focuses primarily on the diligence of the moving party, *id.*, and that party's reasons for seeking modification.  *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).

If good cause exists, the party next must satisfy Rule 15(a).  *Cf. Johnson*, 975 F.2d at 608. Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend its pleading when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments."  *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).  "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th

3

Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party (1) undue prejudice, (2) is sought in bad faith, (3) constitutes an exercise in futility, or (4) creates undue delay." *Ascon Props.*, 866 F.2d at 1160 (internal citations omitted). The consideration of prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). In addition, a court should look to whether the plaintiff has previously amended the complaint, as "the district court's discretion is especially broad 'where the court has already given a plaintiff one or more opportunities to amend [its] complaint.'" *Id.* at 1161 (quoting *Leighton*, 833 F.2d at 186 n.3).

IV. <u>ANALYSIS</u>

Plaintiff seeks to add (1) factual allegations of additional unpaid off-the-clock work; (2) factual allegations of defendant's miscalculation of overtime and failure to include non-discretionary bonuses in employees' regular rates of pay; and (3) a claim for defendant's failure to make reimbursements for employees' necessarily incurred business expenses, such as mileage and tolls, in reliance on California Labor Code § 2802. Pl.'s Mot. at 2. Plaintiff intends to pursue these claims as an "aggrieved employee" under PAGA. *Id.*; *see also* Cal. Lab. Code § 2699(c). Plaintiff argues the proposed amendment is "in the interest of justice and judicial efficiency" and will not prejudice defendant because defendant has been aware of plaintiff's claims and supplemental factual allegations since at least June 6, 2014, when they were served the complaint in the related *Stafford* class action, 2:14-cv-01465-KJM-CKD. *Id.*

Defendant argues plaintiff does not meet the threshold good cause requirement under Rule 16, has unreasonably delayed in moving to amend, and amendment would be futile because plaintiff has not met PAGA's exhaustion requirements and his claims are time-barred. Opp'n at 1.

Although plaintiff does not address Rule 16 in his motion, the court must nonetheless first determine whether plaintiff has demonstrated good cause because he seeks to amend the complaint after the court issued its pretrial scheduling order, which specified any

4

amendment would require leave of court and good cause. ECF No. 69. The Rule 16 requirement looks to plaintiff's reasons for amendment and whether he exercised diligence. The court finds good cause because plaintiff's additional facts and cause of action will aid in focusing ongoing discovery and the issues to be litigated. The court finds plaintiff has been sufficiently diligent; he and defendant stipulated to an extended timeline for his motion for leave to file an amended complaint and plaintiff filed within that timeframe.

Looking to the Rule 15 factors, the court does not find undue delay, despite defendant's assertions to the contrary. This case has had a complicated procedural history and only recently has the court bifurcated this case and remanded the pending related case. These decisions affected plaintiff's claims asserted in this action, and he sought leave to amend promptly after they were issued. Defendant does not show plaintiff's bad faith, a failure to cure deficiencies with previous amendments, or, most importantly, any prejudice to defendant in allowing amendment.

On the other hand, defendant's argument that amendment would be futile because plaintiff failed to fully comply with exhaustion requirements is persuasive. Before an employee may bring a PAGA suit, he must "give written notice . . . to the [LWDA] and the employer of the specific provisions of [the California Labor Code] alleged to have been violated, including the facts and theories to support the alleged violation." *Archila v. KFC U.S. Properties*, Inc., 420 F. App'x 667, 669 (9th Cir. 2011) (citing Cal. Lab. Code § 2699.3(a)(1)). The code's plain language requires the letter include the "specific provisions of the code alleged to have been violated." Cal. Lab. Code § 2699.3(a)(1). The requirements for exhaustion with notice to the LWDA are intended to give specific notice of the potential claims and facts at issue to allow for the possibility of correction without litigation. *See Hamilton v. Genesis Logistics, Inc.*, No. CV 13-01848, 2013 WL 3168373, at *4 (C.D. Cal. June 20, 2013) (LWDA notice requirement "intended to protect business by putting them on notice of violations"). Here, plaintiff timely gave notice of certain claims, but did not include in the notice a violation of Labor Code § 2802 or any facts suggesting a failure to reimburse employees. LWDA Letter, RJN ¶ 1, ECF No. 93.

/////

1         Plaintiff contends he is not obligated to set forth all of the facts and allegations in his LWDA letter, because they may be developed during formal litigation, but he does not state why the facts underlying the reimbursement claim were not known to him at the time of sending the LWDA letter. Reply at 4. He also says the proposed reimbursement claim, claim 9, "relates back" to the time of the original complaint. But that argument is misplaced, as the jurisdictional requirement that plaintiff's LWDA letter include notice of the claim is the issue, not timeliness. *Id*. Plaintiff has not cited a single case, and the court has not located one, in which plaintiff did not state either the section of the Labor Code or the facts supporting an alleged violation in an LWDA letter and a court waived the requirement of specificity in exhaustion. Specificity is what the law requires. *See Bradescu v. Hillstone Rest. Grp., Inc*., 2014 WL 5312546, at *11 (C.D. Cal. Sept. 18, 2014) (tentative ruling), *confirmed by* 2014 WL 5312574 (C.D. Cal. Oct. 10, 2014) ("Plaintiff should consider her PAGA claim to be limited to specifically those theories (and those Labor Code sections) mentioned in her PAGA notice."); *see also Soto v. Castlerock Farming & Transp. Inc*., 2012 WL 1292519, at *8 (E.D. Cal. Apr. 16, 2012) (noting the Ninth Circuit has suggested it requires "an exceedingly detailed level of specificity" for the LWDA notice requirement to be satisfied). Without notice of either the specific Labor Code provision or the facts underlying the alleged violation of that provision, the jurisdictional requirements have not been met, and the Labor Code reimbursement claim is barred.

          Considering the applicable factors and the current state of discovery, the court will grant leave to amend to allow plaintiff to plead additional facts to support the claims as pled in the second amended complaint. To the extent plaintiff seeks to add a claim for violation of Labor Code § 2802, however, that claim is barred for failure to exhaust; plaintiff's motion as to that claim is denied.

/////
/////
/////
/////
/////

6

V. <u>CONCLUSION</u>

Plaintiff's motion for leave to file a third amended complaint is GRANTED IN PART as set forth above. An amended complaint consistent with this order shall be filed within twenty-one (21) days of the entry of this order.

IT IS SO ORDERED.

DATED: March 31, 2015.

_____
UNITED STATES DISTRICT JUDGE