UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD STAFFORD,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC., and DOES 1 through 50 Inclusive,<br><br>Defendant. | No. 2:13-cv-01187-KJM-CKD<br><br>ORDER |

      Defendant Dollar Tree Stores, Inc. requests the sealing of several documents to be submitted in support of plaintiff Richard Stafford's motion for partial summary judgment. Stafford submitted a notice of non-opposition. As explained below, the request is DENIED.

I.     BACKGROUND

      Stafford is a former Dollar Tree employee. He alleges several claims under the California Labor Code and Industrial Wage Commission Wage Orders. *See generally* Third Am. Compl., ECF No. 102. In short, he alleges Dollar Tree did not provide him the meal and rest breaks required by California law; did not pay correct minimum, regular and overtime wages; did not keep or provide him with accurate records and wage statements; and did not pay him wages when they were due. *See id.* ¶¶ 14–27.

1

Before the court is Dollar Tree's request to seal the following documents: "(1) summary reports of Plaintiff Richard Stafford's bonus payments and overtime worked, (2) scheduling and clock punch data for certain Dollar Tree stores, and (3) data from a spreadsheet identifying the date and time that Plaintiff clocked in and out of work." Req. Seal, ECF No. 117. Each was produced during discovery as confidential under a discovery phase protective order entered in this case. *See* Protective Order, ECF No. 67. Stafford's expert witness relied on them in preparing his expert report, and the parties have informed the court Stafford intends to file the report and supporting materials publicly alongside a motion for partial summary judgment. Dollar Tree explains the materials "contain confidential information and trade secrets related to Dollar Tree's operations and financial data, and contain personnel information protected by the right to privacy contained in the California Constitution." *Id.*

II.    LEGAL STANDARD

Local Rule 141(a) provides that "[d]ocuments may be sealed only by written order of the Court, upon the showing required by applicable law." The request to seal "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." *Id.* 141(b). "[A] party may submit an opposition . . . within three days of the date of service . . . ." *Id.* 141(c). "The opposition shall not be filed . . . ." *Id.*

The common-law "right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). A litigant may request court records be sealed or redacted. *See id.* (listing traditional examples). In the Ninth Circuit, courts faced with requests to seal or redact begin "with a strong presumption favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). In the context of a dispositive motion, such as one for partial summary judgment, the party seeking to seal or redact a document "bears the burden of overcoming this strong presumption" by "articulat[ing] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)

1  (quoting *Foltz*, 331 F.3d at 1135 and *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995))
2  (quotation marks and alterations omitted).  Commonly cited "compelling reasons" include the
3  need to avoid "private spite," "public scandal," and to prevent a court's records from becoming
4  "reservoirs of libelous statement for press consumption," or "sources of business information that
5  might harm a litigant's competitive standing."  *Nixon*, 435 U.S. at 589 (citations and internal
6  quotation marks omitted).  Hypothetical or conjectural harm are not compelling reasons.
7  *Hagestad*, 49 F.3d at 1434.  A document may be the subject of a previously entered protective
8  order and yet be disclosed when attached to a dispositive motion.  *See Kamakana*, 447 F.3d at
9  1183.

10  III.     DISCUSSION

11        A.     Business Information

12           Dollar Tree requests its overtime reports for Stafford, staffing data, and punch
13  report data be sealed as confidential business information.  Not all business information is so
14  confidential or sensitive that it must be sealed.  *See, e.g.*, *Open Text S.A. v. Box, Inc.*, No. 13-
15  04910, 2014 WL 7368594, at *3 (N.D. Cal. Dec. 26, 2014) (declining to seal, for example,
16  information about a litigant's "product design and source code and highly confidential and
17  competitively sensitive business information including usage data," even though the litigant
18  argued the information was "likely to cause harm to [its] business if known by competitors");
19  *GoDaddy.com LLC v. RPost Commc'ns Ltd.*, No. 14-00126, 2014 WL 2117349, at *1 (D. Ariz.
20  May 21, 2014) ("[A] party's allegations that material is 'confidential' or 'business information'
21  are insufficient to justify sealing court records containing such material unless the party proves
22  the existence of compelling reasons such as those set forth in *Kamakana*. . . .  "[O]nly in
23  extremely limited circumstances will confidential information actually merit the sealing of court
24  records." (citations omitted)).  Trade secrets, specific pricing terms, royalty rates, and similar data
25  are more commonly sealed.  *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir.
26  2008) (unpublished); *see also Herron v. Best Buy Stores, LP*, No. 12-02103, 2015 WL 5330271,
27  at *2 (E.D. Cal. Sept. 10, 2015) (sealing a defendant's internal valuations of products and brands,
28

developed after expenditure of "great amounts of time and money," which were unavailable to competitors and at the heart of the defendant's business).

Here, Dollar Tree explains that disclosure of its compensation structure (for example, the amount of bonuses paid to employees) and its staffing methods would be valuable to its competitors. This explanation is not "compelling." The court appreciates Dollar Tree's fiercely competitive habitat, the discount retail environment, but Dollar Tree has described no unique or innovative theory of employee incentives or staffing, and the court can surmise none from the documents provided. Moreover, the central disputes revolve around these data: whether employees were paid lawful wages; whether employees worked without breaks; and whether they received payment on time. The public interest in understanding this litigation outweighs the need to protect the business records Dollar Tree identifies from public scrutiny.

B.     Personnel Information

Dollar Tree also explains that the documents it requests to seal include the names, schedules, wages, and other information about its employees. The California Constitution protects a person's right to privacy, and this protection extends to personnel files. *San Diego Trolley, Inc. v. Super. Ct.*, 87 Cal. App. 4th 1083, 1097 (2001). Federal courts have also recognized that employees' personnel records may in some cases be sealed, even when attached to a dispositive motion. *See, e.g.*, *TriQuint Semiconductor, Inc. v. Avago Technologies Ltd.*, No. 09-1531, 2011 WL 5190264, at *3 (D. Ariz. Nov. 1, 2011). This is not always the case. *See, e.g.*, *Stout v. Hartford Life & Acc. Ins. Co.*, No. 11-6186, 2012 WL 6025770, at *2 (N.D. Cal. Dec. 4, 2012) ("Courts are split on whether employees' privacy interests justify shielding their performance evaluations from public view.").

Here, Dollar Tree argues only that the documents contain personnel information. The materials submitted include the names, titles, and historical work schedules of several employees. Only Stafford's pay rates are identifiable. No performance evaluations, medical records, phone numbers, addresses, or similarly sensitive information appear in the documents in question. As described above, when and how long Dollar Tree's employees worked are central

disputes in this litigation.  The need to protect its employees' privacy does not outweigh the need for disclosure in this case.

IV. <u>CONCLUSION</u>

The request is DENIED.

IT IS SO ORDERED.

DATED:  September 18, 2015.

_____
UNITED STATES DISTRICT JUDGE

5